**Mercado v 605 Third Ave. Fee, LLC**

2025 NY Slip Op 31457(U)

April 24, 2025

Supreme Court, New York County

Docket Number: Index No. 151328/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**

*Justice*

------------------------------------------------------------------------------X

WILFRED MERCADO,

Plaintiff,

- v -

605 THIRD AVENUE FEE, LLC, STRUCTURE TONE, LLC, STRUCTURE TONE, INC,

Defendant.

------------------------------------------------------------------------------X

605 THIRD AVENUE FEE, LLC, STRUCTURE TONE, LLC, STRUCTURE TONE, INC

Plaintiff,

-against-

METRO FIRE PROTECTION, INC.

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 14 |
| INDEX NO. | 151328/2020 |
| MOTION DATE | 04/22/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595746/2020

The following e-filed documents, listed by NYSCEF document number (Motion 002) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102

were read on this motion to/for                    VACATE/STRIKE - NOTE OF ISSUE         .

Defendants' motion to strike the note of issue is denied.

**Background**

In this Labor Law action, defendants claim that they served a notice on January 3, 2022 for discovery and inspection seeking authorizations for plaintiff's medical records and no-fault records from a subsequent motor vehicle accident. They claim that plaintiff never responded and that he later appeared for a deposition on February 16, 2023. Defendants also point out that they

served post-EBT demands on plaintiff on December 19, 2024 but that plaintiff only objected in a response from March 2025.

Third-party defendant Metro Fire cross-moves for the same relief and also seeks to strike plaintiff's pleadings for failure to provide complete responses to a demand dated October 7, 2021, a demand for authorizations dated March 1, 2022, post EBT demands dated June 15, 2023 and a demand for authorizations dated February 21, 2025.

In opposition, plaintiff argues that the records themselves are not discoverable as defendants and the third-party defendant want mental health records which are not part of this case. And they also seek records about an unrelated subsequent motor vehicle accident—plaintiff argues that he suffered a laceration and fracture to his left hand in this case while the motor vehicle accident did not involve any injuries to his hands. Plaintiff emphasized he testified in full about his treatment and that he has fully complied with his discovery obligations.

**Discussion**

Notably absent from both the moving papers of defendant and third-party defendant is any mention of these parties' complete inaction in this case. This Court, and the judge previously assigned to this matter, held many conferences about discovery and yet defendants never made a single motion about the allegedly outstanding discovery. In fact, the most recent discovery order dated August 30, 2024 did not mention *any* of the purportedly outstanding discovery items about which defendants and third-party defendant now complain (NYSCEF Doc. No. 34). Following that conference, plaintiff sought an extension of the note of issue deadline and the Court directed that a motion be made (NYSCEF Doc. No. 36).

Plaintiff then made a motion to extend his time to file the note of issue and the Court granted that relief on February 11, 2025 with a new note of issue deadline of March 13, 2025

(NYSCEF Doc. No. 45). Defendants and third-party defendant did offer anything in connection with plaintiff's motion, such an as affirmation raising its concerns about outstanding discovery.

Instead, defendants waited until the afternoon of March 12, 2025 (the day before the note of issue deadline) to upload a letter suddenly demanding an immediate conference about outstanding discovery issues (NYSCEF Doc. No. 47). The Court rejected this belated and languid attempt for relief and observed that the proper route was to make a motion (NYSCEF Doc. No. 48). For some reason, defendants did not make an immediate motion or seek relief via order to show cause to stay the note of issue deadline. Instead, plaintiff filed a note of issue in compliance with the Court's deadline and defendants waited a week to file the instant motion.

This timeline suggests that defendants and third-party defendant are wholly uninterested in the discovery they now claim is necessary. They wholly failed to include these discovery requests in some discovery orders (*see e.g.,* NYSCEF Doc. No. 34) while other discovery orders that mentioned these discovery demands failed to include all of them (*see* NYSCEF Doc. No. 31 [mentioning only a single third-party defendant demand and nothing else, not even a demand from defendants]). Obviously, the failure to mention the specific items that are allegedly outstanding creates the implication that these demands are not important, were already properly addressed, or that they were abandoned. Moreover, defendants and third-party defendant failed to make any discovery motions for these demands until after plaintiff filed his note of issue despite the fact that plaintiff made his own motion to extend the note of issue deadline. That is, defendants and third-party defendant were clearly aware that discovery was nearing its conclusion and they did nothing to pursue the discovery they now suddenly claim is critical.

"While a note of issue will generally be stricken if the case is not ready for trial, the motion to strike can be denied where the parties had sufficient time to complete discovery"

(*Lisa I. v Manikas*, 188 AD3d 1369, 1371, 135 NYS3d 192 [3d Dept 2020] [internal quotations and citations omitted]). This is absolutely the case here where this action has included numerous conference orders in the *more than five years* this case has been pending. Defendants and third-party defendant offer no adequate reason why they chose not to pursue this discovery until after the note of issue was already filed. For instance, it is confounding that they proceeded with plaintiff's deposition despite this apparently significant outstanding discovery.

If the Court were to grant the instant motion, then it would provide a road map for a defendant to delay a case indefinitely. A defendant could simply wait until after a plaintiff filed a note of issue to suddenly cite to purportedly outstanding demands it never pursued prior to the filing of the note of issue and thereby ensure that a case never proceeds to trial. Here, this Court ordered plaintiff to file a note of issue (only after plaintiff had previously sought an extension) so that this five-year-old case could finally move towards a resolution. Only after the note of issue was filed did defendants and third-party defendant finally make a proper application. That is too little and too late.

Accordingly, it is hereby

ORDERED that the motion and cross-motion to vacate the note of issue is denied.

|  |  |
|---|---|
| **4/24/2025** | |
| **DATE** | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**151328/2020   MERCADO, JR, WILFRED vs. 605 THIRD AVENUE FEE, LLC**
**Motion No.  002**

**Page 4 of 4**

[* 4]